FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 JUL 19 A 11: 0

CLERK
 OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOSE M. CANDELARIO,

   Petitioner,

vs.            CIVIL ACTION NO. CV205-041

JOSE VASQUEZ, Warden,

   Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jose Candelario ("Candelario"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C.A. § 2241. Respondent filed a Motion to Dismiss, and Petitioner has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

After a jury trial, Candelario was convicted in the Southern District of Alabama of one count of conspiracy to traffic four kilograms of a mixture containing crack cocaine and one count of possession with intent to distribute nine ounces of crack cocaine, in violation of 21 U.S.C.A. §§ 846 and 841(a)(1). On April 21, 1994, Candelario was sentenced to life imprisonment on each count, to be served concurrently. Candelario filed a direct appeal, which was dismissed for lack of prosecution. Candelario then filed a 28 U.S.C.A. § 2255 motion, and on May 17, 1999, the Southern District of Alabama allowed Candelario leave

to file an out-of-time appeal and applied a retroactive Sentencing Guidelines Amendment to reduce Candelario's concurrent life sentences to concurrent sentences of 360 months' imprisonment. (S.D. Ala. 1:93-cr-00109, Doc. Nos. 324, 472, and 473.) The Eleventh Circuit Court of Appeals affirmed his convictions and sentences. United States v. Candelario, 232 F.3d 214 (11th Cir. 2000)(Table). On rehearing, the Eleventh Circuit determined whether Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000), required Candelario's sentence to be vacated. The Eleventh Circuit applied the plain error standard and concluded that Candelario's substantial rights were not affected by the plain error committed by the sentencing court. Thus, his convictions and sentences were affirmed. United States v. Candelario, 240 F.3d 1300, 1312 (11th Cir. 2001). On September 6, 2002, Candelario filed a motion pursuant to 28 U.S.C.A. § 2255 in the Southern District of Alabama. (1:93-cr-00190, Doc. No. 516.) That Court dismissed the motion as untimely filed (1:93-cr-00190, Doc. No. 525); Candelario appealed, and the Eleventh Circuit denied him a certificate of appealability. (1:93-cr-00190, Doc. Nos. 529 and 545.) Candelario filed another § 2255 motion on February 18, 2005, in which he challenged the constitutionality of his sentences under Blakely v. Washington, ____ U.S. ____, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), and United States v. Booker, ____ U.S. ____, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005). (1:93-cr-00190, Doc. No. 555.) The Southern District of Alabama District Court dismissed[1] his motion as being a second or successive § 2255 motion. (1:93-cr-00190, Doc. No. 558.)

---

[1] Interestingly, Candelario filed his third section 2255 motion on February 18, 2005, and he filed the instant petition on February 23, 2005. The Southern District of Alabama dismissed Candelario's § 2255 motion on April 5, 2005. Candelario filed a Notice of Appeal on April 18, 2005 (1:93-cr-00190, Doc. No. 559), and his appeal was still pending as of the date of this Report.

AO 72A
(Rev. 8/82)

Candelario, in the instant petition, asserts that <u>Jones v. United States</u>, 526 U.S. 227, 119 S. Ct. 1215, 143 L. Ed.2d 311 (1999), and <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000), were decided during the pendency of his direct appeal. He contends that neither of these cases were given full effect on his direct appeal cases and that to apply these cases now would not implicate a retroactivity analysis. Candelario alleges that he is actually and factually innocent of the offenses for which he was charged because, although the indictment charged an amount of drugs, the jury did not specifically find that he was responsible for a specific amount of drugs. Candelario asserts that his sentence is based on facts not found by a jury beyond a reasonable doubt and that he was sentenced in excess of the statutory maximum. Candelario also asserts that he was convicted pursuant to 21 U.S.C.A. § 841(b)(1)(C) but was sentenced pursuant to § 841(b)(1)(A).[2]

Respondent avers that Candelario's petition fails for two (2) reasons and should be dismissed. First, Respondent contends that Candelario has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241. Second, Respondent contends that although <u>Blakely</u> applies to the federal sentencing guidelines, neither <u>Blakely</u> nor <u>Booker</u> applies retroactively to cases on collateral review. (Mot. to Dismiss, p. 4.)

### DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C.A. § 2255 in the district of conviction. 28 U.S.C.A. § 2255; <u>Sawyer v. Holder</u>, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking

---

[2] The Eleventh Circuit determined that his sentences were appropriate under the 40 year maximum found in § 841(b)(1)(B)(iii). <u>Candelario</u>, 240 F.3d at 1312.

3

custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C.A. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C.A. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C.A. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[3]

Candelario has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C.A. § 2241. He contends that the remedy afforded under section 2255 is inadequate or ineffective to test the legality of his detention because "only the traditional writ of habeas corpus can review the erroneous application or interpretation of statutes." (Supp. Br., p. 2.) Candelario also contends that he has no remaining judicial administrative remedy and seeks "the prompt aid of this Court." (Pet., p. 4.)

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4

successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Candelario largely bases the claims set forth in his petition on the Supreme Court's decisions in Blakely and Booker. However, the Supreme Court has not made its decisions in Blakely[4] and Booker retroactively applicable to cases on collateral review to allow for the filing of a second or successive section 2255 motion. In re Dean, 375 F.3d 1287, 1290

---

[4] In Blakely, the Supreme Court "revisited the rule in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63, 147 L. Ed.2d 435 (2000), which held that 'other than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to the jury and proved beyond a reasonable doubt.'" In re Dean, 375 F.3d 1287, 1289 (11th Cir. 2004) (quoting Blakely, ___ U.S. at ___, 124 S. Ct. at 2536) (emphasis added). Candelario has not demonstrated that he was sentenced beyond the statutory maximum penalty for his offense.

5

(11th Cir. 2004). Candelario was sentenced in the Southern District of Florida on April 4, 1994. Blakely was decided on June 24, 2004, and Booker was decided on January 12, 2005. To allow Candelario to have his requested relief pursuant to Blakely and Booker would constitute a "new rule" under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989). A new rule is not applied retroactively to cases on collateral review for purposes of authorizing a second or successive § 2255 motion until the Supreme Court expressly states that it should be applied retroactively. Dean, 375 F. 3d at 1290 (citing Tyler v. Cain, 533 U.S. 656, 662-63, 121 S. Ct. 2478, 2482, 150 L. Ed.2d 632 (2001)).

In addition, Candelario was permitted to file an out-of-time appeal. On rehearing, the Eleventh Circuit applied Apprendi to the facts of his case under the plain error standard. The Eleventh Circuit concluded that, although Candelario's sentences exceeded the statutory maximum in the absence of a finding of drug quantity, he had not shown that his substantial rights were affected by this error. Candelario, 240 F. 3d at 1311. In so finding, the Eleventh Circuit noted that if Candelario possessed at least five grams of cocaine base, which the jury must have necessarily found, he faced up to forty years' imprisonment pursuant to § 841(b)(1)(B)(iii). Id. at 1312. His assertion that Apprendi, and by extension Jones, were not given full effect during his direct appeal is unavailing. Moreover, Candelario has filed at least three (3) previous § 2255 motions with the Southern District of Alabama Court. (S.D. Ala. 1:93-cr-00190, Doc. Nos. 324, 516, and 555). Candelario's most recent of these motions was filed on February 18, 1995, and he raised many of the same issues as he does in the case *sub judice*. (1:93-cr-00190, Doc. No. 555, pp. 4-9.) The Southern District of Alabama informed Candelario that his motion was second or successive, and without authorization from the Eleventh Circuit, that court

6

lacked jurisdiction to entertain his claims. (1:93-cr-00190, Doc. No. 558.) Simply because the courts in these previously filed matters either rejected or lacked jurisdiction to entertain Candelario' claims does not render section 2255's remedy inadequate or ineffective. Candelario has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244.

Candelario avers that he is actually innocent of the offenses for which he was convicted. Candelario asserts that the "nine ounces in question [were] obtained from [Antonio] Cruz not Candelario." (Doc. No. 1, p. 3.) In support of this contention, Candelario cites to what appear to be the notes of Special Agent Kelvin King of the Federal Bureau of Investigations. (Doc. No. 1, Att. 1.) Candelario also asserts that he is actually and factually innocent of his crimes because the jury did not specifically find that he was responsible for a specific amount of drugs.

To entertain a claim of actual innocence, there must be a strong showing of actual innocence. Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611, 140 L. Ed.2d 828 (1998). Actual innocence "means factual innocence, not mere legal insufficiency." Id. at 623-24, 118 S. Ct. at 1611. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice [which] would allow" a determination on the merits of an actual innocence claim. Schlup v. Delo, 513 U.S. 298, 316, 115 S. Ct. 851, 862, 130 L. Ed.2d 808 (1995). At most, Candelario has presented evidence that "Cockran obtained one quarter of a kilogram of cocaine from Antonio Cruz for $4,500." (Doc. No. 1. Att. 1, p. 2.) The Court fails to understand how this document supports Candelario's assertion that he is not responsible for the "nine ounces at issue." Candelario has not

AO 72A
(Rev. 8/82)

presented any evidence that he is *factually* innocent of the crimes for which he was convicted.

In sum, Candelario cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Candelario is doing nothing more than "attempting to use § 2241... to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 4) be **GRANTED**, and Candelario's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C.A. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 19th day of July, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

# United States District Court
## *Southern District of Georgia*

CANDELARIO

)

vs ) CASE NUMBER CV205-41

VASQUEZ

) DIVISION BRUNSWICK

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 7/19/05, which is part of the official record of this case.

Date of Mailing: 7/19/05

Date of Certificate ☒ same date, or _____

Scott L. Poff, Clerk

By: _Sherry Taylor_
Sherry Taylor, Deputy Clerk

**Name and Address**

Jose Candelario, 47461-004, FCI Jesup, 2680 Highway 301 S, Jesup, GA 31599
Delora Kennebrew

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate