IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOSE M. CANDELARIO,

   Petitioner,

vs.           CIVIL ACTION NO. CV205-041

JOSE VASQUEZ, Warden,

   Respondent.

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Candelario alleges that the Eleventh Circuit Court of Appeals misapplied Jones v. United States, 526 U.S. 227, 119 S. Ct. 1215, 143 L. Ed.2d 311 (1999), and Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct, 2348, 147 L. Ed.2d 435 (2000), to the facts of his case on appeal. Candelario contends that he "should not be the one that suffers from the Courts [sic] incorrect interpretations. To so hold[] is tantamount to judicial treachery and a clear miscarriage of justice." (Doc. No. 14, p. 3.) This Court agrees with the Eleventh Circuit's analysis of Candelario's appeal and is bound by that decision.

Candelario asserts that, even though he filed previous motions pursuant to 28 U.S.C.A. § 2255, none of these motions was ever addressed on the merits. Candelario's motions were dismissed as being procedurally barred or deemed to be second or successive petitions. He appears to contend that, because the merits of his previous motions were not considered, the remedy afforded by § 2255 is inadequate or ineffective to challenge the legality of his sentence. Simply because the Southern District of Alabama declined to review the merits of these motions, due to procedural restrictions, does not render § 2255's remedy ineffective or inadequate.

Candelario also asserts that 18 U.S.C.A. § 3553(b)(1) was the provision which governed his sentencing proceedings, and because this statute has been excised (presumably based on the Supreme Court's decision in <u>United States v. Booker</u>, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005)), this is "analogous to the abolishment of the sentencing [c]ourt." (Doc. No. 14, p. 3.) That is an illogical leap.

Finally, Candelario asserts that Special Agent King changed the name "Antonio Cruz" from his incident report to Candelario's during grand jury testimony. Just as the Magistrate Judge failed to see how Candelario has sufficiently shown he is factually innocent of the crime for which he was convicted, the undersigned fails to see that Candelario is legally or factually innocent of this crime.

The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Respondent's Motion to Dismiss (Doc. No. 4) is **GRANTED**.

2

Candelario's petition for writ of habeas corpus (Doc. No. 1) is **DISMISSED**. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

**SO ORDERED**, this 15th day of August, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

# United States District Court
## Southern District of Georgia

CANDELARIO )

vs )  CASE NUMBER  CV205-41

VASQUEZ )  DIVISION  BRUNSWICK

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 8/15/05 , which is part of the official record of this case.

Date of Mailing:  8/15/05

Date of Certificate  ☒ same date,  or _____

Scott L. Poff, Clerk

By: _____
Sherry Taylor, Deputy Clerk

**Name and Address**

Jose Candelario, 47461-004, FCI Jesup, 2680 Highway 301 S, Jesup, GA 31599

☐ Copy placed in Minutes
☒ Copy given to Judge
☐ Copy given to Magistrate